1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERESA ANNE WADE,

    Plaintiff,

    v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

    Defendant.

No.  2:22-cv-01594 CKD

ORDER

       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

       Plaintiff, born in 1969, applied on February 18, 2020 for SSI, alleging disability beginning January 18, 2020.  Administrative Transcript ("AT") 21, 32.  Plaintiff alleged she was unable to work due to fibromyalgia, neck and back problems, irritable bowel syndrome, tendonitis, arthritis, anxiety, and depression.  AT 61-62, 216-226.  In a decision dated July 7, 2021, the ALJ

determined that plaintiff was not disabled.[1]  AT 21-33.  The ALJ made the following findings

(citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since February 18, 2020, the application date.

> 2. The claimant has the following severe impairments: degenerative disc disease of the cervical spine, fibromyalgia, depressive disorder, anxiety disorder, and borderline intellectual functioning.

> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except she can occasionally stoop and climb ladders, ropes

---

[1]    Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

or scaffolds.  The claimant can frequently kneel, crouch, crawl, and climb ramps or stairs, and she can perform work involving simple instructions.  The claimant can have only occasional interaction with the public in the work setting, and only brief and superficial interaction with coworkers and supervisors.  The claimant cannot perform tandem tasks.

5.  The claimant is capable of performing past relevant work as an inspector/hand packager.    This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7.  The claimant has not been under a disability, as defined in the Social Security Act, since February 18, 2020, the date the application was filed.

AT 23-33.

The ALJ also made the following alternative findings for step five: "The claimant was born [in] 1969 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed.  The claimant has a limited education."  The ALJ noted that the vocational expert (VE) testified that such an individual, with plaintiff's RFC, would be able to perform jobs such as marker, housekeeping cleaner and routing clerk, all classified as light unskilled work with a specific vocational preparation (SVP) rating of 2.  AT 32-33.  Accordingly, the ALJ found that "[i]n addition to past relevant work, there are other jobs that exist in significant numbers in the national economy that the claimant also can perform[.]"  AT 32.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  The ALJ failed to properly evaluate the opinion of a treating physician as to manipulative and other limitations, such that the residual functional capacity was not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

3

1   F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

2   mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th

3   Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

4   responsible for determining credibility, resolving conflicts in medical testimony, and resolving

5   ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

6   "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

7   rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

8          The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

9   Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

10  conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not

11  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see

12  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

13  administrative findings, or if there is conflicting evidence supporting a finding of either disability

14  or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

15  1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

16  weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

17  ANALYSIS

18         A.  Medical Opinion

19         Plaintiff asserts that the ALJ erred in evaluating the opinion of treating physician Dr.

20  Bryan Lee, both as to Dr. Lee's opined manipulative limitations and overall.

21         In January 2020, around the time of the alleged disability onset date, plaintiff began

22  treatment with Dr. Bryan Lee.  Dr. Lee diagnosed myofascial pain syndrome and job-related

23  stress, and prescribed medication.  AT 429-430.  In March 2020, Dr. Lee noted that plaintiff had

24  recently experienced fibromyalgia symptoms and had "myofascial pain along classic tender

25  points of body."  AT 422-423.  Dr. Lee continued to treat plaintiff for the next several months.

26  See ECF No. 12-1 at 4-5 (medical history).

27         On March 5, 2020, Dr. Lee filled out a checkbox physical assessment in which he

28  diagnosed plaintiff with fibromyalgia and indicated that she would "frequently" be impaired by

4

her symptoms.  AT 391.  Dr. Lee opined that plaintiff could sit for four hours and stand/walk for

two hours in an eight-hour workday; that she would need to take unscheduled breaks once or

twice during the workday; and that she could lift less than 10 pounds frequently and 10-20

pounds occasionally.  AT 391.  With both the right and left hand, she could grasp, turn, and twist

objects and reach 25% of the workday, and do fine manipulation 50% of the workday.  AT 391.

She was likely to be absent from work more than four times a month due to her impairments.  AT

392.

The ALJ found that this opinion "was not persuasive as it was not consistent with a

majority of the objective medical evidence.  In October of 2020, imaging of the cervical spine

demonstrated stable multilevel degenerative disc disease and facet joint degenerative changes.[2]

This opinion has limited internal support, as it was completed on a check-box form with few

additions, but it did note pain.[3]"  AT 31.

"The ALJ is responsible for translating and incorporating clinical findings into a succinct

RFC."  Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015).  In doing so,

the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one

medical opinion over another.  Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014); see also

Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally

ignore a treating doctor and his or her notes, without even mentioning them").

For disability applications filed on or after March 27, 2017, the Commissioner revised the

rules for the evaluation of medical evidence at the administrative level.  See Revisions to Rules

Regarding the Evaluation of Medical Evidence, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because

Plaintiff filed her SSI application on February 18, 2020, it is subject to the new rules for the

evaluation of medical evidence.

The revised rules provide that adjudicators for the Social Security Administration,

including ALJs, evaluate medical opinions according to the following factors: supportability;

---

[2] Citing AT 806.

[3] Citing AT 394 (Dr. Lee's March 5, 2020 mental capacity assessment, noting "myofascial pain").

consistency; relationship with the claimant; specialization; and other factors such as the medical

source's familiarity with other evidence in the record or with disability program requirements.  20

C.F.R. § 416.920c(c)(1)-(5).  The most important of these factors are supportability and

consistency.  20 C.F.R. § 416.920c(b)(2).  Supportability is the extent to which an opinion or

finding is supported by relevant objective medical evidence and the medical source's supporting

explanations.  20 C.F.R. § 416.920c(c)(1).  Consistency is the extent to which an opinion or

finding is consistent with evidence from other medical sources and non-medical sources,

including the claimants themselves.  20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1).  The ALJ will

articulate how he considered the most important factors of supportability and consistency, but an

explanation for the remaining factors is not required except when deciding among differing yet

equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b).  When a

single medical source provides multiple opinions and findings, the ALJ must articulate how they

were considered in a single analysis. 20 C.F.R. § 416.920c(b)(1).

The new regulations "still require that the ALJ provide a coherent explanation of [her]

reasoning" and establish "a minimum level of articulation to be provided in determinations and

decisions, in order to provide sufficient rationale for a reviewing adjudicator or court."  Sam-

Chankhiao v. Kijakazi, 2:20-cv-0186 DB, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022),

citing Hardy v. Commissioner, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021). Thus,

> [e]ven under the new regulations, an ALJ cannot reject an examining
> or treating doctor's opinion as unsupported or inconsistent without
> providing an explanation supported by substantial evidence. The
> agency must "articulate ... how persuasive" it finds "all of the
> medical opinions" from each doctor or other source, 20 C.F.R. §
> 404.1520c(b), and "explain how [it] considered the supportability
> and consistency factors" in reaching these findings, id. §
> 404.1520c(b)(2).

Id., citing Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022).

Here, the ALJ found that Dr. Lee's opinion was "not consistent with a majority of the

objective medical evidence," citing an October 2020 assessment of plaintiff's cervical spine.  This

conclusory statement supported by one piece of evidence is, without more, insufficient to

discredit Dr. Lee's entire opinion.  The ALJ's brief discussion of the consistency factor does not

1  address the opined limitations on sitting, standing, walking, lifting, manipulating objects with the

2  right and left hands, or the opined need to be absent more than four days a month.  Nor does it

3  address "the extent to which [the] opinion or finding is consistent with evidence from other

4  medical sources and non-medical sources, including the claimants themselves."  20 C.F.R. §§

5  416.920c(c)(2), 416.902(j)(1).

6        As to the other key factor, supportability, the ALJ wrote that the opinion "has limited

7  internal support, as it was completed on a check-box form[.]"  Here again, the ALJ's decision

8  does not address the supportability of Dr. Lee's specific findings.  See Cox v. Comm'r, No. 1:20-

9  cv-01520-SAB, 2022 WL 3691309, *9 (E.D. Cal. Aug. 25, 2022) (ALJ may not reject medical

10  opinion solely for being in check-box form).  Nor does it address "the extent to which an opinion

11  or finding is consistent with evidence from other medical sources and non-medical sources,

12  including the claimants themselves."  20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1).

13        Defendant argues that, elsewhere in the decision, the ALJ discussed the evidence

14  concerning plaintiff's alleged impairments, and that this indirectly satisfied the requirement to

15  "articulate how he considered the most important factors of supportability and consistency" with

16  respect to Dr. Lee's opinion.  Defendant cites Neri v. Comm'r, No. 1:21-cv-01235-SAB, 2022

17  WL 16856160, *17 (E.D. Cal. Nov. 10, 2022), in which the plaintiff argued that "the ALJ fail[ed]

18  to elaborate on or sufficiently cite to the longitudinal record in support of his various findings[,]

19  and his reasons for rejecting [the examining doctor's] opinion were therefore conclusory."  The

20  court rejected plaintiff's argument, noting that "the ALJ's findings and supporting references to

21  the medical and non-medical evidence are provided in greater detail throughout his decision."  Id.

22  The court continued:

23              As the ALJ clearly refers to these same findings during his discussion
             of Dr. Kurpiers's opinion, pages later, he need not repeat every single
24           citation to the record he previously made. Thus, when read within the
             context of his decision in its entirety, this Court finds the ALJ's
25           decision regarding Dr. Kurpiers's opinion clearly identifies multiple
             citations to the record in support of his findings, which appear to
26           fairly reflect the longitudinal history of Plaintiff's records.

27

28  Id.  The undersigned finds Neri distinguishable, because in that case the ALJ provided multiple

7

1   specific reasons for rejecting Dr. Kupiers' opinion, including its inconsistency with treatment

2   notes, examination findings, and activities of daily living.  The ALJ further explained that the

3   opinion appeared to be based heavily on the subjective reports of the claimant and a third party.

4   Id. at *14.  This is considerably more explanation than the ALJ provided in the instant case.

5         The ALJ's failure to articulate how he considered the key factors of supportability and

6   consistency with respect to Dr. Lee's  opinion was error.  See Sam-Chankhiao, 2022 WL

7   4226170, at **3-4 (granting summary judgment for plaintiff where "the ALJ's vague and

8   conclusory discussion of [medical] opinion fails to discuss the necessary factors of supportability

9   and consistency") (collecting cases).  Accordingly, plaintiff is entitled to summary judgment on

10  this claim.

11  REMEDY

12        With error established, the court has the discretion to remand or reverse and award

13  benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded

14  under the "credit-as-true" rule for an award of benefits where:

15              (1) the record has been fully developed and further administrative
              proceedings would serve no useful purpose; (2) the ALJ has failed to
16              provide legally sufficient reasons for rejecting evidence, whether
              claimant testimony or medical opinion; and (3) if the improperly
17              discredited evidence were credited as true, the ALJ would be
              required to find the claimant disabled on remand.
18

19  Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the

20  "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when

21  the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

22  the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

23  403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative

24  proceedings would serve no useful purpose, it may not remand with a direction to provide

25  benefits."); Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is

26  uncertain and ambiguous, the proper approach is to remand the case to the agency.").

27        Here, the record as a whole creates serious doubt as to whether plaintiff was disabled

28  during the relevant period.  The court expresses no opinion regarding how the evidence should

ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand.  The court also does not instruct the ALJ to credit any particular opinion or testimony.  The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

Accordingly, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 12) is granted;

2.  The Commissioner's motion for summary judgment (ECF No. 14) is denied; and

3. This matter is remanded for further proceedings consistent with this order.

Dated:  October 3, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/wade1594.ssi.ckd2